## FORT *vs.* PALMERTON.

In an action of ejectment, where the defendant is a convict in the state prison, the plaintiff on a motion for judgment as in case of nonsuit, instead of being required to stipulate to bring the cause to trial, will have leave to discontinue without costs, unless security be given for the mesne profits and costs that may be recovered against the defendant.

Feb. 1838.

*S. Stevens,* for the defendant, moved for judgment as in case of nonsuit for not proceeding to trial pursuant to stipulation at the last Saratoga circuit.

*M. T. Reynolds,* for the plaintiff, asked leave to discontinue without costs, on the ground that the defendant was insolvent, and had been convicted, and was now in the state prison for grand larceny. He cited *Lackey* v. *McDonald,* 1 Caines, 116.

*Stevens* proposed to give security for the payment of costs and mense profits, in case the plaintiff recovered. The action was ejectment.

*By the Court,* BRONSON, J. When the defendant has been sentenced to the state prison, or discharged under an insolvent law, the plaintiff has been allowed to discontinue without costs, on the ground that the defendant had by his own act put it out of the power of the plaintiff to obtain the fruits of a recovery. If, in such cases, the defendant will give security to pay any judgment that may be obtained against him, I see no reason why the plaintiff should be excused from proceeding with his action. This being an action of ejectment, the remedy of the plaintiff cannot be prejudiced by the conviction, except as to costs, and mesne

profits. If the defendant shall within twenty days give sufficient security to be approved by one of the clerks of this court to pay all such costs and mesne profits as may be adjudged against him, then the plaintiff must renew his stipulation to try and pay costs; otherwise the motion for judgment as in case of nonsuit is granted. If such security shall not be given, the plaintiff may discontinue without costs.

Order accordingly.